# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| DANNY ANGEL RODRIGUEZ, | ) | |
|     Petitioner, | ) | Civil Action No. 7:20CV194 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JASON STREEVAL, | ) | Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Danny Angel Rodriguez, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response in opposition to the petition. (Dkt. No. 7.) In it, respondent requests that the petition be dismissed in its entirety, arguing that the petition fails to state a claim upon which relief may be granted, or, alternatively, that he is entitled to judgment as a matter of law.

For the reasons set forth herein, I conclude that Rodriguez's § 2241 petition fails to demonstrate a claim on which relief can be granted. I will therefore dismiss the petition with prejudice.

I.

Rodriguez is currently incarcerated at the United States Penitentiary ("USP") in Lee County, Virginia. He alleges that the Federal Bureau of Prisons ("BOP") has miscalculated his sentence and improperly denied him jail credit for time overserved on a prior conviction. He asks that the court compel the BOP to honor what it said and documented to him, that he would receive jail credit for the overserved sentence, or find that his guilty plea was involuntary and coerced and remand his case for trial.

On April 10, 1995, Rodriguez was sentenced by the United States District Court for the Southern District of Florida to 272 months' imprisonment in Case No. 1:94-cr-00402 (the "1994 Case") on two counts of being a felon in possession of a firearm, to be followed by 60 months of

supervised release. (Dkt. No. 7-1 ¶ 9;[1] *see also id.* at 6–8.[2]) On June 27, 2016, the trial court vacated Rodriguez's original sentence in the 1994 Case and resentenced him to a term of 120 months' imprisonment, with credit for time served. (*Id.* ¶¶ 10–11; *see also id.* at 11–12.) Rodriguez's supervised release was also reduced to three years. (*Id.* at 13.) Under the new sentence, his release date would have been September 1, 2006, resulting in Rodriguez having overserved his amended sentence by 3,587 days. (*Id.* ¶¶ 11–12.) Rodriguez was released from prison and began his term of supervision on June 27, 2016. (*Id.* ¶ 13.)

Rodriguez was arrested on December 7, 2017, on both a revocation warrant and new federal charges. (*Id.* ¶ 14.) On April 10, 2018, he was sentenced in the Southern District of Florida to 37 months' imprisonment for the supervised release violation in the 1994 Case. (*Id.* ¶ 15; *see also id.* at 24–25.) The trial court did not order further supervision. (*Id.* ¶ 17; *see also id.* at 25.) The BOP applied 1,126 days of the overserved time from his prior sentence in the 1994 Case, which resulted in the sentence for the violation being served and the overall sentence in the 1994 Case being completed. (*Id.* ¶¶ 16–17.)

Rodriguez, however, remained in custody due to the pending federal charges related to his arrest in Case No. 1:17-cr-20904 (the "2017 Case"). (*Id.* ¶ 18.) He ultimately pled guilty to a 24-count indictment charging conspiracy to possess with intent to distribute a controlled substance analogue, possession with intent to distribute a controlled substance analogue, conspiracy to commit money laundering, money laundering, and mail fraud, occurring over a

---

[1] Docket number 7-1 consists of the Declaration of Deborah Colston ("Colston Decl."), a management analyst at the BOP, and related attachments. (Dkt. No. 7-1¶ 1; *id.* at 5–56.) Rodriguez does not dispute the factual portions of the Colston Decl.
  Because the court has considered the Colston Decl. and the attachments, the court will treat respondent's motion as one for summary judgment and has given appropriate notice. *See* Fed. R. Civ. P. 12(d); (Dkt. No. 8).

[2] Page citations refer to the pagination generated by the court's electronic filing system ("ECF").

2

period from January 2017, through October 2017. (*Id.* ¶ 19; *see also id.* at 30–35, 37–39.) On June 13, 2019, Rodriguez was sentenced in the Southern District of Florida to a total of 400 months' imprisonment in the 2017 Case. (*Id.* ¶ 20; *see also id.* at 39–40.) He also received a three-year term of supervised release. (*Id.* at 42.) In its Statement of Reasons, the sentencing court noted that it had considered the overserved time in Rodriguez's previous case. (*Id.* ¶ 21; *see also id.* at 53.) Rodriguez is currently serving his sentence in the 2017 Case. (Dkt. No. 1 at 1.)

II.

The standard for review on a motion for summary judgment is well-settled. The court should award summary judgment only when the pleadings, responses to discovery, and the record reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable party could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citation omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Rodriguez argues that the BOP has incorrectly calculated his sentence and that he should have been credited with 2461 days, the remaining overserved time, toward his current sentence. (Dkt. No. 1 at 6–7.) In failing to credit him with that time, Rodriguez claims, the BOP has abused its powers, denied him his rights to equal protection and procedural due process, and misapplied 18 U.S.C. § 3585. (*Id.*) Respondent contends that the BOP has correctly calculated Rodriguez's sentence, (Dkt. No. 7 at 1, 5), and that Rodriguez is statutorily prohibited from receiving the prior custody credit, (*id.* at 3–4). Rodriguez exhausted his administrative remedies prior to bringing the instant petition. (Dkt. No. 1 at 2–3, 33–35, 37, 54–57); Dkt. No. 7-1 ¶ 6.)

"It is well-established that after a district court imposes a sentence, the Attorney General, through the BOP, is responsible for administering the sentence. The authority to determine when a federal sentence commences belongs uniquely to the BOP, subject to federal judicial review under a deferential abuse-of-discretion standard." *Roberts v. Bragg*, No. 9:20-cv-02162, 2020 WL 8839683, at *3 (D.S.C. Oct. 28, 2020) (internal citation and quotation marks omitted); "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." *Richmond v. Bragg*, No. 6:19-cv-03575, 2021 WL 1124873, at *2 (D.S.C. Mar. 24, 2021); *see also Martinez v. Stewart*, Civil Action No. GJH-18-3940, 2020 WL 5106712, at *3 (D. Md. Aug. 29, 2020) ("The BOP has been delegated authority from the Attorney General to calculate federal sentences. As such, the BOP has long been responsible for determining when a federal prisoner's sentence commences and expires, and how to apply credit to a prisoner's federal sentence for prior custody and good conduct.") (internal citation omitted). "A federal sentence does not commence until the Attorney General receives the defendant into custody for service of that sentence." *Martinez*, 2020 WL 5106712, at *3; *see also* 18 U.S.C.

3585(a). "[I]n no case can a federal sentence commence earlier than the date on which it is imposed." *Martinez*, 2020 WL 5106712, at *3.

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins." *United States v. Wilson*, 503 U.S. 329, 330 (1992). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b); *see also Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (unpublished) (per curiam) ("Under 18 U.S.C. § 3585(b) (1988), a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence.").

Rodriguez argues that because the remaining overserved time was not credited toward another sentence and he did not seek or receive monetary compensation for that time, it should have been applied to his current sentence in the 2017 Case. (Dkt. No. 1 at 6 (citing *Crooker v. United States*, 828 F.3d 1357 (Fed. Cir. 2016).) According to Rodriguez, he would not have pled guilty had prison officials, including his correctional counselor, not assured him that he would receive credit for the overserved time in the 1994 Case. (*Id.* at 12.)[3]

---

[3] The court notes that Respondent does not dispute that Rodriguez was so informed. (Dkt. No. 7-1 at 2–4.) That, however, does not render the information correct or legally binding on the BOP. *See, e.g.*, *Farrow v. Andrews*, No. 3:20cv302, 2021 WL 521305, at *4 (E.D. Va. Feb. 11, 2021)

Unfortunately for Rodriguez, the prison officials who told him that he would receive credit for the overserved time toward his sentence in the new case were mistaken.[4] The BOP could not award Rodriguez credit for the overserved time in these circumstances. First, the sentence in the 1994 Case which was reduced, resulting in the overserved time, was from an entirely different conviction than the 2017 Case for which he is currently serving a sentence. *See* 18 U.S.C. § 3585(b)(2) (noting that defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed"); *United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) ("[A] defendant whose conviction has been vacated cannot credit the time served on the voided conviction against a new sentence for a new crime." (citing *Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971)); *see also Miller*, 443 F.2d at 1022 (noting that "the 16 months of imprisonment under the voided 1954 storebreaking conviction is entirely unrelated to the forgery and Third Offender convictions for which he is presently in custody"). Rodriguez received credit toward the sentence for the supervised release violation which resulted from the new arrest, because that violation and sentence were part of the original

---

("Unfortunately for Farrow, his state attorney's belief on how the sentences might run does not control how the BOP calculates his federal sentence."); *Carter v. Norwood*, No. CV 09-5298, 2010 WL 3198886, at *3 (C.D. Cal. Apr. 6, 2010) ("The probation officer's error is not binding on the Attorney General, who is responsible for computing sentencing. Nor does Petitioner have a protected liberty interest in the probation officer's conclusion that Petitioner had served 'extra' time." (citing *Travieso v. Fed. Bureau of Prisons, Warden*, 217 F. App'x 933, 935 (11th Cir. 2007))) (internal citation omitted); *see also Blood v. Bledsoe*, 648 F.3d 203, 206 (3d Cir. 2011) (finding that federal court's statement regarding overserved time "merely reflects the Delaware court's *prediction* that the BOP would credit the disputed time toward the Delaware sentence under 18. U.S.C. § 3585(b)"); *Barbati v. Warden, USP Lee County*, No. 7:13CV00048, 2013 WL 3367536, at *3 n.12 (W.D. Va. July 5, 2013) ("Because the BOP, and not the district court, is granted authority to calculate terms of confinement and prior custody credit, . . . a judge's comments about sentence credit cannot entitle Barbati to relief under § 2241." (citing *Miller*, 871 F.3d at 489-90)).

[4] Although Rodriguez asserts that the information was a "calculated lie," (Dkt. No. 1 at 7), designed to induce him to plead guilty, (*id.* at 12), he has provided no evidence whatsoever that the incorrect information he received was anything other than a mistake.

1994 Case. *See United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) ("[T]he term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the terms of the supervised release are all part of the original sentence."); *see also Jackson*, 952 F.3d at 498 ("Among other things, BOP's regulations provide that [a]ny prior custody time spent in official detention after the date of the offense that was not awarded to the original sentence or elsewhere shall be awarded to the revocation term when a defendant is sentenced to a term of incarceration for violating his supervised release.") (alteration in original) (internal quotation marks omitted). However, that was all the credit to which he was entitled.

      Second, the conduct which resulted in the arrest in the 2017 Case occurred after Rodriguez had completed his term of imprisonment in the 1994 Case and was on supervised release. Rodriguez was sentenced in the 1994 Case in 1995. (Dkt. No. 7-1 at 6.) That sentence was reduced in 2016. (*Id.* at 11–12.) The conduct for which Rodriguez was incarcerated in the 2017 Case occurred between January 2017 and October 2017, (*id.* at 30), and he was sentenced in 2019, (*id.* at 39). A sentence cannot begin before the date on which the court imposes it, *see Wagner v. Andrews*, No. 3:20cv132, 2021 WL 725079, at *4 (E.D. Va. Feb. 24, 2021), and, therefore, a prisoner "may not receive credit for time served on his first sentence before his second sentence was imposed," *Avalos v. Hudgins*, No. 3:20-CV-188, 2021 WL 1175438, at *2 n.3 (N.D. W. Va. Mar. 29, 2021) ("Here, the Petitioner's 175-month sentence was imposed a little over two years after his 121-month sentence was imposed. The Petitioner may not receive credit for time served on his first sentence before his second sentence was imposed. Thus, the BOP correctly computed the Petitioner's federal sentence.").

      The same is true here: the BOP has correctly calculated Rodriguez's sentence, *see id.*, and it did not abuse its discretion in doing so, *see Roberts*, 2020 WL 8839683, at *3. Rodriguez is not entitled to have the remainder of his overserved time credited toward his current sentence.

7

*See Jackson*, 952 F.3d at 213 (noting that defendant "cannot credit the time served on [a] voided conviction against a new sentence for a new crime"). To find otherwise "would not only contradict the clear language of 18 U.S.C. § 3585(b), but it would also result in an undeserved windfall for [Rodriguez], who has already received all of the credit to which he is entitled." *Wagner*, 2021 WL 725079, at *5.

Having found that Rodriguez has not stated a claim upon which relief may be granted or demonstrated a genuine issue of material fact—that is, one which might change the outcome of the matter—I will dismiss Rodriguez's petition with prejudice.[5]

An appropriate order will be entered.

**ENTER**: This 11th day of May, 2021

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] To the extent Rodriguez challenges the validity of his plea based on the misinformation he was given, that claim is not properly brought in a petition under § 2241 but, rather, must be presented to the sentencing court in a motion to vacate pursuant to § 2255. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). The same is true for any claim of ineffective assistance of counsel based on her advice regarding his plea.

8